UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT LEE C.,

                       Plaintiff,                              6:20-CV-6621

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

## DECISION AND ORDER

        As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #12.

        By Decision and Order entered September 30, 2021, the Court granted plaintiff's motion for judgment on the pleadings and remanded plaintiff's application for disability insurance benefits back to the Commissioner for further proceedings. Dkt. #14. Judgment was entered the same day, September 30, 2021. Dkt. #15.

        Currently before the Court is plaintiff's counsel's motion for attorney fees pursuant to 28 U.S.C. § 2412(d) in the amount of $5,301.37. Dkt. #17. In support of the motion, counsel declares that they expended 25.3 hours on this matter and that the

current cost of living adjusted statutory rate is $209.54 per hour. Dkt. #17-1, ¶¶4-5. The motion was filed on December 30, 2021. Dkt. #17.

The Commissioner opposes the motion as untimely. Dkt. #19.

In reply, plaintiff's counsel submits an affidavit from their paralegal, explaining that she emailed the time records to the Assistant U.S. Attorney ("AUSA"), on December 21, 2021, requesting a stipulation regarding the EAJA fee award. Dkt. #20, ¶ 4. The paralegal followed up with the AUSA on December 30, 2021, which she "honestly thought" was the deadline for filing the motion. Dkt. #20, ¶ 6. The AUSA responded that he was sick and so she should file the motion. Dkt. #20, ¶ 6. The paralegal explains that she "wasn't being undiligent," but "calculated wrong and thought I was filing on the last day." Dkt. #20, ¶ 7. Plaintiff's counsel asks the Court to excuse the untimely filing due to miscalculation and allow the motion for attorney fees to proceed. Dkt. #20, ¶ 8.

The Equal Access to Justice Act ("EAJA"), departs from the general rule that each party to a lawsuit pays his or her own legal fees by providing that "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). *Scarborough v. Principi,* 541 U.S. 401, 404 (2004); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). More specifically, the EAJA provides that the party

seeking an award of fees shall submit an application for fees within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). Where, as here, the Court has remanded a claim for further administrative proceedings pursuant to 42 U.S.C. § 405(g)(4), the judgment becomes final when the government's time for seeking appellate review has run. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *See Tamburri v. Berryhill*, 16-CV-5784, 2018 WL 1175141 at *1 (E.D.N.Y. Mar. 5, 2018) ("The 'final judgment' referred to in the EAJA arises, and the thirty-day period for EAJA petitions begins, when the government's right to appeal the order lapses."). Since the judgment was entered on September 30, 2021, the government's right to appeal expired on November 29, 2021, and the application for attorney's fees was due no later than December 29, 2021. Thus, the filing on December 30, 2021 was untimely.

The deadline for filing a fee application is not jurisdictional. *Scarborough*, 541 U.S. at 414. As a result, courts within the Second Circuit consider whether an untimely EAJA fee application can be deemed timely pursuant to the doctrine of equitable tolling. *Hooper v. Berryhill*, 15-CV-6646, 2017 WL 927843, at *2 (S.D.N.Y. Mar. 8, 2017). The party seeking equitable tolling bears the burden of establishing two elements: (1) that the party has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way. *Bachand v. Saul*, 778 Fed. App'x 74, 75 (2d Cir. 2019). To qualify for equitable tolling, reasonable diligence must be demonstrated throughout the period sought to be tolled. *Hooper*, 2017 WL 927843, at *3. In *Tamburri*, for example, the Court declined to find diligence where counsel waited to file the fee application until the very last day the filing was due. 2018 WL 1175141 at

\*2 As to the second prong, the law is clear that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Bachand,* 778 Fed. App'x at 75. Settlement discussions are also not the sort of extraordinary circumstance that would trigger the application of equitable tolling. *Hooper*, 2017 WL 927843, at \*4.

Generally speaking, the Court of Appeals for the Second Circuit sets a high bar to deem circumstances sufficiently extraordinary to warrant equitable tolling. *Charles v. Colvin*, 13-CV-3432, 2015 WL 403239, at \*1 (E.D.N.Y. Jan. 29, 2015). Counsel's explanation in the instant case amounts to no more than procedural oversight or ordinary attorney neglect, which does not meet the standard for equitable tolling. Accordingly, the motion for attorney fees (Dkt. #17), is denied.

**SO ORDERED.**

**DATED:**   Buffalo, New York
             October 11, 2022

                                            <u>s/ H. Kenneth Schroeder, Jr.</u>
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**