UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT LEE C.,

                Plaintiff,                6:20-CV-6621

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #12.

By Decision and Order entered September 30, 2021, the Court granted plaintiff's motion for judgment on the pleadings and remanded plaintiff's application for disability insurance benefits back to the Commissioner for further proceedings. Dkt. #14. Judgment was entered the same day, September 30, 2021. Dkt. #15.

By Decision and Order entered October 11, 2022, the Court denied as untimely plaintiff's counsel's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"),[1] in the amount of $5,301.37. Dkt. #22.

---

[1] The EAJA departs from the general rule that each party to a lawsuit pays his or her own legal fees by providing that "a party prevailing against the United States in court, including

Currently before the Court is plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A). Dkt. #23. Counsel declares that they expended 25.3 hours on this matter and that the current cost of living adjusted statutory rate is $209.54 per hour. Dkt. #23-2. Counsel attaches a copy of a signed fee agreement which provides, *inter alia*, that the attorney would timely file for EAJA fees and that the attorney fee will be 25% of any past due benefits. Dkt. #23–4. Although counsel submits a Notice of Award stating that $26,177.75 has been withheld as 25% of past-due benefits (Dkt. #23-3), they request an award of $10,000.00 in recognition of the fact that $5,301.37 of the attorney fee should have been paid with EAJA funds and reimbursed to plaintiff. Dkt. #23-1.

The Commissioner notes that the motion is timely and that there is no evidence of fraud or overreaching. Dkt. #25. The Commissioner supports reduction of the fee award by the amount of EAJA fees that plaintiff would have been reimbursed had counsel filed a timely EAJA fee application, and suggests that an award of $10,000.00 is reasonable. Dkt. #25.

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an

---

a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified." *Scarborough v. Principi,* 541 U.S. 401, 404 (2004); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *See* 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by the time expended and a capped hourly rate. *Id.* Fees may be awarded pursuant to both the EAJA and the Social Security Act, but counsel must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.*

attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Thus, even within the 25% statutory limitation for contingent-fee arrangements, the court is required to review the fee sought as an independent check to assure that it is reasonable for the services rendered in the particular case. *Gisbrecht*, 535 U.S. at 807. In making this assessment, the court considers: (1) the character of the representation and the results the representation achieved; (2) whether the attorney was responsible for delay that resulted in the accumulation of additional past-due benefits; and (3) whether the past-due benefits are so large in comparison to the amount of time counsel spent on the case that the requested fee would amount to a windfall to the attorney. *Id.* at 808. The Court of Appeals for the Second Circuit has also instructed district courts to consider whether there has been fraud or overreaching in making the agreement. *Wells v. Sullivan*, 907 F.2d 367, 372 (1990).

In considering whether the requested fee may be a windfall to the attorney, the court may request a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingent fee cases. *Gisbrecht,* 535 U.S. at 807. However, courts should recognize that "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 4th 845, 854 (2d Cir. 2022). Among the factors to be considered are: (1) the ability and expertise of the attorneys and whether they were particularly efficient; (2) the nature and professional relationship of the attorney with the

plaintiff, including any representation at the agency level; (3) the satisfaction of the plaintiff; and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.* at 854-855.

> A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about.

*Id.* at 855.

In the instant case, the timely fee request is within the boundaries of the statute and there is no evidence of fraud or overreaching in the execution of the fee agreement. The Court recognizes that counsel provided able representation to plaintiff and finds no evidence that counsel was dilatory. Plaintiff's reduction of the award sought to $10,000.00 appropriately recognizes that it is unfair to place the burden of counsel's failure to obtain EAJA fees upon plaintiff by reducing the amount of attorney's fees requested by the amount of EAJA fees that could have been awarded to plaintiff's counsel and subsequently refunded to plaintiff. *See Dorta v. Saul*, 18-CV-396, 2021 WL 776446, at *3 (S.D.N.Y. Mar. 1, 2021). Even accounting for the $5,301.37 that would have been refunded to plaintiff by dividing $15,301.37 into counsel's expenditure of 25.3 hours equates to a *de facto* hourly rate of approximately $605, which is on the low end of awards generally approved in this district for similar work performed. *See Amy Sue H. v. Comm'r of Soc. Sec.*, 17-CV-713, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697 and $1,000 to be reasonable).

## CONCLUSION

For the reasons set forth above, plaintiff's counsel is awarded $10,000.00.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
              **November 2, 2022**

                                       **s/ H. Kenneth Schroeder, Jr.**
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**